UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEVIN L. HOPKINS,

    Plaintiff,

v.

CONTRA COSTA COUNTY, et al.,

    Defendants.

Case No.  13-cv-03620-WHO

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

## INTRODUCTION

This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by Kevin Hopkins, a pro se state prisoner. **After having reviewed the complaint pursuant to 28 U.S.C. § 1915A(a), the Court DISMISSES the complaint with leave to file an amended complaint on or before March 24, 2014.**

## DISCUSSION

**A.  Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune

from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Plaintiff's Complaint**

Hopkins appears to be asserting claims involving his treatment in jail facilities run by the Contra Costa Sheriff's Department and in a residential treatment program. He generally alleges that Contra Costa County Sheriff David O. Livingston was deliberately indifferent and failed to train, monitor, supervise and adequately discipline deputies in ways that violated plaintiff's First Amendment and other constitutional rights, but Sheriff Livingston is not named in any of the causes of action alleged. Hopkins asserts in his First Cause of Action that Deputy Crose used "unprofessional language" toward him and later filed a false disciplinary report, an act of retaliation that caused plaintiff to spend three days in isolation and then to be transferred to another facility. In the Second Cause of Action, Hopkins asserts that Deputy Chilimondes screamed obscenities at him. In the Third Cause of Action, Hopkins asserts that Deputy Martinez used excessive force by shoving him. In the Fifth Cause of Action, Hopkins alleges deliberate indifference to serious medical needs because the jail confiscated an orthopedic device, causing serious

2

injury to his knee.

Hopkins states in his Fourth Cause of Action that employees of a residential program to which he had been sent to by the state court, in a conspiracy with the state court, violated his constitutional rights when they terminated him from the program for medical reasons.

**C.     Analysis**

This Order dismisses the Complaint with leave to amend in part because of misjoinder and in part for failure to state a claim. The basis for the Order is explained below.

A party asserting a claim may join as many claims as it has against an opposing party in one lawsuit. Fed. R. Civ. P. 18(a). The Court may allow claims to be joined if they arise out of the same transaction, occurrence, or series of transactions or occurrences. Fed. R. Civ. P. 20. On the other hand, joinder is not appropriate when transactions are separate and the defendants are different.

Here, the Fourth Cause of Action is stated against the residential program and the state court. It is unrelated to the claims against the sheriff's department. Accordingly, it is not properly joined in this action and is DISMISSED. Plaintiff may raise this claim in a separate civil rights action if he so chooses.

As written, the Complaint does not explicitly name Sheriff Livingston as a defendant in any cause of action, although it appears that Hopkins wishes to hold him responsible for all of the events that occurred in the jail. For that reason, it is possible that the otherwise unrelated series of transactions could be related. At this stage, the Court will not dismiss the other causes of action for misjoinder.

However, the Court will dismiss the Complaint for failure to state a claim. There are several defects. First, the Second Cause of Action and the portion of the First Cause of Action asserting that Deputy Crose used "unprofessional language," are DISMISSED without leave to amend. Verbal abuse and name-calling do not rise to the level of a constitutional violation. *See Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987).

1   Second, the remaining causes of action are DISMISSED with leave to amend
2   because they lack the specificity necessary to determine if any constitutional violation can
3   plausibly be alleged and if the claims should be joined at all.  The Complaint should
4   include details that would demonstrate Sheriff Livingston's involvement in any of the acts
5   alleged, as well as any other facts relevant to the filing of the disciplinary report, the
6   alleged excessive force, the length of time Hopkins did not have the orthopedic device and
7   the impact on Hopkins of not having it, and any other facts that could establish plaintiff's
8   claims.

9   **Plaintiff shall file an amended complaint on or before March 24, 2014.**  The
10  first amended complaint must include the caption and civil case number used in this order
11  (13-3620 WHO (PR)) and the words FIRST AMENDED COMPLAINT on the first page.
12  Because an amended complaint completely replaces the previous complaints, plaintiff
13  must include in his first amended complaint all the claims he wishes to present and all of
14  the defendants he wishes to sue.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.
15  1992).  Plaintiff may not incorporate material from the prior complaint by reference.
16  Failure to file an amended complaint in accordance with this order will result in dismissal
17  of this action without further notice to plaintiff.

18  It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court
19  informed of any change of address by filing a separate paper with the clerk headed "Notice
20  of Change of Address."  He must comply with the Court's orders in a timely fashion or ask
21  for an extension of time to do so.  Failure to comply may result in the dismissal of this
22  action pursuant to Federal Rule of Civil Procedure 41(b).

23  **IT IS SO ORDERED.**
24  **Dated:**  January 27, 2014



WILLIAM H. ORRICK
United States District Judge

4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN L HOPKINS,<br><br>        Plaintiff,<br><br>v.<br><br>CONTRA COSTA COUNTY et al,<br><br>        Defendant. | Case Number: CV13-03620 WHO<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 27, 2014, I SERVED a true and correct copy of the attached, by placing said copy in a postage paid envelope addressed to the person hereinafter listed, by depositing said envelope in the U.S. Mail.

Kevin L. Hopkins
V76611
CSP-Solano II
P.O. Box 4000
Vacaville, CA 95696-4000

Dated: January 27, 2014

                                      Richard W. Wieking, Clerk
                                      By: Jean Davis, Deputy Clerk