UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN L. HOPKINS,<br><br>        Plaintiff,<br><br>   v.<br><br>CONTRA COSTA COUNTY, *et al.*,<br><br>        Defendants. | Case No. 13-cv-03620-JD<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND; DENYING MOTION TO APPOINT COUNSEL AND DENYING MOTION FOR SERVICE**<br><br>Re: Dkt. No. 10, 11 |

Plaintiff, a state prisoner, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. Plaintiff's complaint was dismissed with leave to amend and he has filed an amended complaint.

## DISCUSSION

### I.  STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above

the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## II. LEGAL CLAIMS

Plaintiff presents various unrelated claims of improper medical care, excessive force and retaliation arising from his detention at Contra Costa County Jail.

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *Id.* at 1059.

A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Id.* The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a "serious" need for medical treatment. *Id.* at 1059-60.

A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate

1  it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  The prison official must not only "be aware of
2  facts from which the inference could be drawn that a substantial risk of serious harm exists," but
3  he "must also draw the inference."  *Id.*  If a prison official should have been aware of the risk, but
4  was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.
5  *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002).  "A difference of opinion
6  between a prisoner-patient and prison medical authorities regarding treatment does not give rise to
7  a § 1983 claim."  *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).  In addition "mere
8  delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference....
9  [Prisoner] would have no claim for deliberate medical indifference unless the denial was harmful."
10 *Shapely v. Nevada Bd. Of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985).[1]

11        "After incarceration, only the unnecessary and wanton infliction of pain . . . constitutes
12 cruel and unusual punishment forbidden by the Eighth Amendment."  *Whitley v. Albers*, 475 U.S.
13 312, 319 (1986) (ellipsis in original) (internal quotation and citation omitted).  A prison official
14 violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must
15 be, objectively, sufficiently serious, *Farmer v. Brennan*, 511 U.S. 824, 834 (1994) (citing *Wilson
16 v. Seiter*, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a sufficiently culpable
17 state of mind, i.e., the offending conduct was wanton, *id*. (citing *Wilson*, 501 U.S. at 297).
18 Whenever prison officials stand accused of using excessive force in violation of the Eighth
19 Amendment, the core judicial inquiry is whether force was applied in a good-faith effort to
20 maintain or restore discipline, or maliciously and sadistically to cause harm.  *Whitley*, 475 U.S. at
21 320-21.

---

[1] It is not clear if plaintiff was a pre-trial detainee at the time of this incident.  Regardless, even though pretrial detainees' claims arise under the Due Process Clause, the Eighth Amendment serves as a benchmark for evaluating those claims.  *See Carnell v. Grimm*, 74 F.3d 977, 979 (9th Cir. 1996) (8th Amendment guarantees provide minimum standard of care for pretrial detainees). The Ninth Circuit has determined that the appropriate standard for evaluating constitutional claims brought by pretrial detainees is the same one used to evaluate convicted prisoners' claims under the Eighth Amendment.  "The requirement of conduct that amounts to 'deliberate indifference' provides an appropriate balance of the pretrial detainees' right to not be punished with the deference given to prison officials to manage the prisons."  *Redman v. County of San Diego*, 942 F.2d 1435, 1443 (9th Cir. 1991) (en banc) (citation omitted).

1   The Due Process Clause of the Fourteenth Amendment protects a post-arraignment pretrial detainee from the use of excessive force that amounts to punishment. *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989) (citing *Bell v. Wolfish*, 441 U.S. 520, 535-39 (1979)). Resolving such a substantive due process claim requires courts to balance several factors focusing on the reasonableness of the officers' actions given the circumstances. *White v. Roper*, 901 F.2d 1501, 1507 (9th Cir. 1990). These factors include (1) the need for the application of force, (2) the relationship between the need and the amount of force that was used, (3) the extent of the injury inflicted, and (4) whether force was applied in a good faith effort to maintain and restore discipline. *Id.* In order to prevail on an excessive force claim, a pretrial detainee must show the use of force was excessive because it was not reasonably necessary to maintain or restore order and/or discipline. *See Hydrick v. Hunter*, 500 F.3d 978, 997-98 (9th Cir. 2007) (excessive force claim brought by civilly confined plaintiff), rev'd on other grounds, 129 S. Ct. 2431 (2009).

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). *Accord Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) (prisoner suing prison officials under § 1983 for retaliation must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action did not advance legitimate penological goals, such as preserving institutional order and discipline).

A prisoner must at least allege that he suffered harm, since harm that is more than minimal will almost always have a chilling effect. *Rhodes*, 408 F.3d at 567-68 n.11; *see Gomez v. Vernon*, 255 F.3d 1118, 1127-28 (9th Cir. 2001) (prisoner alleged injury by claiming he had to quit his law library job in the face of repeated threats by defendants to transfer him because of his complaints about the administration of the library).

Plaintiff's claim regarding improper medical care was dismissed with leave to amend to provide additional information. Plaintiff has failed to cure the deficiencies described in the prior

screening order. Plaintiff states that he suffered a knee injury and was treated at a hospital where he was provided a knee brace but the knee brace was confiscated by jail staff and not returned to him. Plaintiff has again failed to identify any specific defendant who took the knee brace nor has he provided any additional information regarding his medical problems. Simply presenting conlcusory allegations that his knee deteriorated and affected his activities fails to state a claim under *Iqbal*. Plaintiff's general allegations that fail to identify a specific defendant or describe the treatment he received are insufficient and this claim is dismissed without leave to amend.

Plaintiff then states that defendant Martinez pushed him but it did not result in physical injury. This fails to demonstrate excessive force regardless if plaintiff was a prisoner or detainee. Not every malevolent touch by a prison guard gives rise to a federal cause of action. *Hudson v. McMillian*, 503 U.S. 1, 10 (1992) (citation omitted). Similarly, plaintiff's claim that a defendant slammed down a pile of mail on a podium making a loud noise that startled plaintiff is meritless and frivolous. These claims are dismissed without leave to amend.

Plaintiff's allegations of retaliation are far too vague to state a claim. Plaintiff states that he was issued a disciplinary report and he concludes that this was in retaliation for his filing grievances and a prior civil rights complaint. Plaintiff provides no allegations to support this conclusion. This claim is dismissed, but plaintiff will be provided one final opportunity to amend to provide additional information.

To the extent plaintiff is attempting to bring a claim against the municipality pursuant to *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978), any such claim is dismissed with leave to amend. To properly plead a claim under *Monell*, it is insufficient to allege simply that a policy, custom, or practice exists that caused the constitutional violations. *AE v. County of Tulare*, 666 F.3d 631, 636-37 (9th Cir. 2012). A plaintiff suing a municipal entity must allege sufficient facts regarding the specific nature of the alleged policy, custom or practice to allow the defendant to effectively defend itself, and these facts must plausibly suggest that plaintiff is entitled to relief. *AE*, 666 F.3d at 636-37 (citing *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011), which summarized new pleading standards derived from *Iqbal*, *Twombly* and related Supreme Court decisions). If a plaintiff does not allege sufficient facts to satisfy this standard, he or she must be

1  given leave to amend to do so. *Id*. at 637-38 (finding district court abused its discretion in

2  dismissing *Monell* claim for insufficient factual allegations as to specific nature of county's policy

3  without giving leave to amend to allege such facts).

4        Plaintiff has also requested the appointment of counsel. The Ninth Circuit has held that a

5  district court may ask counsel to represent an indigent litigant only in "exceptional

6  circumstances," the determination of which requires an evaluation of both (1) the likelihood of

7  success on the merits, and (2) the ability of the plaintiff to articulate his claims pro se in light of

8  the complexity of the legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir.

9  1991). Plaintiff appears able to present his claims adequately, and the issues are not complex.

10  Therefore, the motion to appoint counsel will be denied.

## CONCLUSION

12  1.    The complaint is **DISMISSED** with leave to amend solely for the retaliation claim.

13  The amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed

14  and must include the caption and civil case number used in this order and the words SECOND

15  AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces

16  the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik*

17  *v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the

18  original complaint by reference. Failure to amend within the designated time will result in the

19  dismissal of this action.

20  2.    The motion to appoint counsel (Docket No. 10) is DENIED.

21  3.    The motion for service (Docket No. 11) is DENIED as unnecessary.

22  4.    It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the

23  Court informed of any change of address by filing a separate paper with the clerk headed "Notice

24  of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to

25  ///

26  ///

27  ///

28  ///

do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated:  May 8, 2014

_____
JAMES DONATO
United States District Judge

13-cv-03620-JD-_dwlta